IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02391-WYD-MJW

TRAVIS SANSOM,

    Plaintiff,

vs.

KEVIN MILYARD, in his Individual Capacity as Warden,
BEVERLY DOWIS, R.N., in her Individual Capacity as HSA,
DEBRA HEDSTROM, R.N., in her Individual Capacity,
JENNIFER AGUIRRE, R.N., in her Individual Capacity,
GATBEL CHAMJOCK, P.A., in his Individual Capacity,
CASE MANAGER CRUSSEL, in his Individual Capacity,
OFFICER HODGES, in his Individual Capacity,
OFFICER BLAKE, in his Individual Capacity,
OFFICER MICHAELS, in his Individual Capacity,
OFFICER NICHOLS, in her Individual Capacity,
OFFICER LAWSON, in his Individual Capacity,
OFFICER PERRY, in his Individual Capacity,
OFFICER LADD, in his Individual Capacity,
OFFICER GILES, in his Individual Capacity,
OFFICER RHOADES, in her Individual Capacity,
OFFICER GLISSMAN, in his Individual Capacity,
OFFICER MORGAN, in his Individual Capacity,
OFFICER TIDEMANN, in his Individual Capacity,
OFFICER FERGUSON, in his Individual Capacity,

    Defendants.

---

## PROTECTIVE ORDER (Docket No. 24-1)

---

Pursuant to the Joint Stipulated Motion for Protective Order filed by the parties, the Court hereby Orders as follows:

1. This Protective Order shall apply to all Colorado Department of Corrections ("DOC") employee and former employee personnel files, DOC "Post Orders," and other documents determined by the DOC to be sensitive for security reasons

disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. These DOC personnel files, DOC "Post Orders," and other documents determined by the DOC to be sensitive for security reasons shall be marked "Confidential" and shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except those specified in this paragraph:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case;

(c) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(d) the Court and its employees ("Court Personnel");

(e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(f) deponents, witnesses, or potential witnesses who execute the attached Exhibit A;

(g) and, other persons by written agreement of the parties who execute the attached Exhibit A.

3. This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for trial.

4. Counsel to the parties are required to advise, instruct and supervise all associates, staff and employees of counsel to keep DOC employee personnel files, DOC "Post Orders," and other documents determined by the DOC to be sensitive for security reasons that are designated Confidential Material, confidential in the strictest possible fashion. Counsel and the parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this order and the limitations on its use and disclosure.

5. DOC personnel files, "Post Orders," and other documents determined by the DOC to be sensitive for security reasons are designated as Confidential Material by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

6. Whenever a deposition involves the disclosure of confidential DOC personnel files, "Post Orders," and/or other documents determine by the DOC to be sensitive for security reasons, the deposition or portions thereof may be designated as Confidential and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. The cover page, those portions of the original transcripts that contain confidential material shall bear the legend

3

"CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," and shall be bound separately from the non-confidential portions of the transcript.

7. A party may object to the designation of particular documents as Confidential Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, [consistent with D.C.COLO.LCivR 7.2] the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with any motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

8. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order [until Termination of This Case].

9. At the conclusion of this case, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been

4

designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. If a party elects to destroy CONFIDENTIAL documents, the destroying party or counsel shall provide all other parties with a written statement confirming the destruction upon written request. However, any party may retain in their file on a confidential basis any records reasonably related to the case to meet any record keeping requirement for ethical, tax, or any other legitimate purpose. Such agreement is made specifically with the understanding that all such confidential information will remain subject to this Protective Order as stated in paragraph 9 above.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 22nd day of April, 2011.

BY THE COURT:

Michael Watanabe
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02391-WYD-MJW

TRAVIS SANSOM,

      Plaintiff,

vs.

KEVIN MILYARD, in his Individual Capacity as Warden,
BEVERLY DOWIS, R.N., in her Individual Capacity as HSA,
DEBRA HEDSTROM, R.N., in her Individual Capacity,
JENNIFER AGUIRRE, R.N., in her Individual Capacity,
GATBEL CHAMJOCK, P.A., in his Individual Capacity,
CASE MANAGER CRUSSEL, in his Individual Capacity,
OFFICER HODGES, in his Individual Capacity,
OFFICER BLAKE, in his Individual Capacity,
OFFICER MICHAELS, in his Individual Capacity,
OFFICER NICHOLS, in her Individual Capacity,
OFFICER LAWSON, in his Individual Capacity,
OFFICER PERRY, in his Individual Capacity,
OFFICER LADD, in his Individual Capacity,
OFFICER GILES, in his Individual Capacity,
OFFICER RHOADES, in her Individual Capacity,
OFFICER GLISSMAN, in his Individual Capacity,
OFFICER MORGAN, in his Individual Capacity,
OFFICER TIDEMANN, in his Individual Capacity,
OFFICER FERGUSON, in his Individual Capacity,

      Defendants.

---

**EXHIBIT A TO PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT**

---

I, _____, the undersigned, being duly sworn, hereby acknowledge that I have read the Protective Order issued by the Court in the above captioned civil action and I understand the terms and conditions of such Protective Order, and hereby agree to keep all such information and materials strictly and absolutely confidential, and in all other respects to be bound by the terms of the Protective Order.

My current address and telephone number is: _____

_____

_____
Signature

STATE of _____ )
                                          )ss.
COUNTY of _____ )

        The foregoing Confidentiality Agreement was sworn and acknowledged to before me by _____ on this day of _____, 200\_\_.

**Witness my hand and official seal.**

[seal]

                                                                          Notary Public

My commission expires:_____