IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02391-WYD-MJW

TRAVIS SANSOM,

    Plaintiff,

v.

KEVIN MILYARD, in his Individual Capacity as Warden;
BEVERLY DOWIS, R.N., in her Individual Capacity as HSA;
DEBRA HEDSTROM, R.N., in her Individual Capacity;
JENNIFER AGUIRRE, R.N., in her Individual Capacity;
GATBEL CHAMJOCK, P.A., in his Individual Capacity;
CASE MANAGER CRUSSEL, in his Individual Capacity;
OFFICER HODGES, in his Individual Capacity;
OFFICER BLAKE, in his Individual Capacity;
OFFICER MICHAELS, in his Individual Capacity;
OFFICER NICHOLS, in her Individual Capacity;
OFFICER LAWSON, in his Individual Capacity;
OFFICER PERRY, in his Individual Capacity;
OFFICER LADD, in his Individual Capacity;
OFFICER GILES, in his Individual Capacity;
OFFICER RHOADES, in her Individual Capacity;
OFFICER GLISSMAN, in his Individual Capacity;
OFFICER MORGAN, in his Individual Capacity;
OFFICER TIDEMANN, in his Individual Capacity; and
OFFICER FERGUSON, in his Individual Capacity,

Defendants.

---

## ORDER REGARDING

### (1) PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 31)

### AND

### (2) COLORADO DEPARTMENT OF CORRECTIONS ("DOC") BY SPECIAL APPEARANCE AND ALL NAMED DEFENDANTS' MOTION TO QUASH AND FOR PROTECTIVE ORDER (DOCKET NO. 33)

---

2

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court for ruling on Plaintiff's Motion to Compel Discovery (docket no. 31) and on the Colorado Department of Corrections ("DOC") by Special Appearance and All Named Defendants' Motion to Quash and for Protective Order (docket no. 33). The court has reviewed the subject motions (docket nos. 31 and 33), the responses (docket nos. 35 and 40), and the replies (docket nos. 41 and 44). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

In Plaintiff's Motion to Compel Discovery (docket no. 31), the Plaintiff seeks an Order from this court directing Defendants to provide to Plaintiff full and complete responses to Plaintiff's Interrogatories ("ROG") numbered 2, 3, and 4 and Plaintiff's Requests for Production ("RFP") numbered 5, 6, 8, 10, 11, 15, 16, 17, and 23. In addition, Plaintiff seeks an Order from this court for attorney fees for having to bring the subject motion (docket no. 31) pursuant to Fed. R. Civ. P. 37(a)(4)(A) and (C).

In the Colorado Department of Corrections ("DOC") by Special Appearance and All Named Defendants' Motion to Quash and for Protective Order (docket no. 33), the DOC and all named Defendants seek an Order from this court quashing the subpoena *duces tecum* served upon the DOC on May 11, 2011 (Exhibit A-1), attached to the subject motion (docket no. 33).

This case is an Eighth Amendment civil rights lawsuit for personal injuries brought pursuant to 42 U.S.C. §§ 1983 and 1988 by Plaintiff. In essence, Plaintiff

Case 1:10-cv-02391-WYD-MJW   Document 45   Filed 06/13/11   USDC Colorado   Page 3 of 10

3

alleges that he sustained personal injuries as a prisoner in the Colorado Department of Corrections-Sterling Correctional Facility when he was denied access to medical treatment for a serious injury.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That the First Amended Complaint and Jury Demand (docket no. 14) is the operative pleading in this case;

5. That Plaintiff's claims are brought in the First Amended Complaint and Jury Demand pursuant to Sections 1983 and 1988, and such claims are against 19 Defendants, all named in their individual capacities;

6. That a party seeking a protective order must show that a "clearly defined and serious injury" will result to the moving party in the absence of such protective order. Exum v. United States Olympic Committee, 209 F.R.D. 201, 206 (D. Colo. 202); see also Charles A. Wright & Arthur Miller, Fed. Practice and Pro (Civ) § 2035 n.39 ("The courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and

conclusory statements, in or to establish good cause.");

7. That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).  However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo.,

220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id. See Fed. R. Civ. P. 26(b) and (c);

A given topic is relevant if it has "the mere tendency" of making any material fact more or less probable. Fed. Deposit Ins. Corp. v. Wise, 139 F.R.D. 168, 170 (D. Colo. 1991). See Fed. R. Evid. 401;

8. That on January 31, 2011, Plaintiff served Defendants with the subject discovery requests as outlined in the subject motion (docket no. 31). Defendants requested additional time to gather materials to respond to the discovery requests by Plaintiff and did provide to Plaintiff discovery responses on or about March 29, 2011;

9. That on April 21, 2011, Defendants provided their first supplemental discovery responses, providing supplemental responses to RFPs numbered 1, 3, 7, and 14. See exhibit A attached to Response to Motion to Compel (docket no. 35);

10. That on May 9, 2011, Defendants provided their second supplemental discovery responses, providing supplemental responses to RFPs numbered 4, 5, 7, 9, 10, 11, 12, 16, 19, 23, and 25. See exhibit B attached to Response to Motion to Compel (docket no. 35);

11.    That on May 11, 2011, Plaintiff served the subject subpoena *duces tecum* upon the DOC;

12.    That as to ROG no. 2, I find that ROG no. 2 has been fully answered by Defendants, and therefore no further response is required by Defendants;

13.    That as to ROG no. 3, I find that ROG no. 3 is not vague or overly broad. I further find that Defendants have partially answered ROG no. 3. Defendants shall supplement their answer to ROG no. 3 with more specificity;

14.    That as to ROG no. 4, I find that ROG no. 4 has been fully answered by Defendants, and therefore no further response is required by Defendants;

15.    That as to RFP no. 5, I find that RFP no. 5 is overly-broad, seeks information not related to Plaintiff's claims, and is not calculated to lead to the discovery of admissible evidence. Moreover, this RFP seeks confidential and health-sensitive information for inmates other than for Plaintiff. For these reasons, Defendants are not required to further respond to RFP no. 5;

16.    That as to RFP no. 6, I find that RFP no. 6 is overly-broad, seeks information not related to Plaintiff's claims, and is not calculated to lead to the discovery of admissible evidence. Moreover, this RFP seeks confidential and health-sensitive information for inmates other than for Plaintiff. For these reasons, Defendants are not

        required to further respond to RFP no. 6;

17. That as to RFP no. 8, I find that RFP no. 8 is overly-broad, seeks information not related to Plaintiff's claims, and is not calculated to lead to the discovery of admissible evidence.  However, information in hard copy or electronically-stored from December 1, 2008, through December 11, 2008, concerning Plaintiff Travis Sansom is relevant and is discoverable.  Accordingly, Defendants shall supplement their response to RFP no. 8 to include any documents in any format (hard copy or electronically-stored) that relates to Travis Sansom from December 1, 2008, through December 11, 2008 between any prison guards and medical personnel regarding Plaintiff Travis Sansom;

18. That as to RFP no. 10, I find that Defendants have fully responded to RFP no. 10, and no further response is required;

19. That as to RFP no. 11, I find that Defendants have fully responded to RFP no. 11, and no further response is required;

20. That as to RFP no. 15, I find that RFP no. 15 is vague as to the term "gatekeeper," and therefore Defendants are not required to respond further to RFP no. 15;

21. That as to RFP no. 16, I find that Defendants have fully responded to RFP no. 16, and no further response is required;

22. That as to RFP no. 17, I find that Defendants have fully responded to RFP no. 17, and no further response is required;

8

23. That as to RFP no. 23, I find that Defendants have fully responded to RFP no. 23, and no further response is required. Defendants have made available to Plaintiff's counsel the requested information outlined in RFP no. 23 at the DOC HR Office for review; and

24. That as to the subject subpoena *duces tecum* which is the subject matter of the Colorado Department of Corrections ("DOC") by Special Appearance and All Named Defendants' Motion to Quash and for Protective Order (docket no. 33), I find the subpoena *duces tecum* does not allow a reasonable time to comply since such subpoena *duces tecum* was served upon the DOC on May 11, 2011, and the information requested within the subpoena *duces tecum* was to be delivered by May 13, 2011, at 1:00 p.m. Moreover, I find that Plaintiff served his subpoena *duces tecum* upon the DOC even though Plaintiff had already previously filed his Motion to Compel Discovery [filed on April 22, 2011] (docket no. 31). I further find that Plaintiff"s service of the subpoena *duces tecum* on May 11, 2011, was an attempt to circumvent the proper discovery procedure under Rule 37 since Plaintiff had his Motion to Compel Discovery [filed on April 22, 2011] (docket no. 31) pending before this court, noting that similar information that was being requested in the subpoena *duces tecum* is also being sought in the Plaintiff's Motion to Compel Discovery [filed on April 22, 2011] (docket no. 31). I further find that the subpoena *duces tecum* is

9

overly-broad and requests irrelevant information. I further find that the subpoena *duces tecum* was improperly served upon the DOC headquarters in Colorado Springs, Colorado, noting that the Colorado Springs Office of the DOC is **not** the records custodian for the information requested by Plaintiff from the DOC in such subpoena *duces tecum*. For these reasons, the Plaintiff's subpoena *duces tecum* served upon the DOC on May 11, 2011, should be quashed, and the Colorado Department of Corrections ("DOC") by Special Appearance and All Named Defendants' Motion to Quash and for Protective Order (docket no. 33) should be granted pursuant to Fed. R. Civ. P. 45(c)(3)(A)(i) and (iv).

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion to Compel Discovery (docket no. 31) is **GRANTED IN PART AND DENIED IN PART**. The subject motion (docket no. 31) is GRANTED as to Interrogatory No. 3 and Request for Production of Documents No. 8 ONLY. Defendant shall fully and completely respond to Interrogatory No. 3 and Request for Production of Documents No. 8 on or before June 27, 2011. The remainder of the relief sought in the subject motion (docket no. 31) is DENIED;

10

2. That the Colorado Department of Corrections ("DOC") by Special Appearance and All Named Defendants' Motion to Quash and for Protective Order (docket no. 33) is **GRANTED**. The Plaintiff's subpoena *duces tecum* served upon the DOC on May 11, 2011, is QUASHED; and

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 13th day of June 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE