IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02391-WYD-MJW

TRAVIS SANSOM,

    Plaintiff,

v.

KEVIN MILYARD, in his Individual Capacity as Warden;
BEVERLY DOWIS, R.N., in her Individual Capacity as HSA;
DEBRA HEDSTROM, R.N., in her Individual Capacity;
JENNIFER AGUIRRE, R.N., in her Individual Capacity;
GATBEL CHAMJOCK, P.A., in his Individual Capacity;
JOHNNY CRUSSEL, in his Individual Capacity;
C.O. MICHAEL HEDGES, in his Individual Capacity;
C.O. BRADLEY BLAKE, in his Individual Capacity;
C.O. KEVIN MICHAELS, in his Individual Capacity;
SERGEANT VIRGIL NICHOLS, in her Individual Capacity;
LIEUTENANT EDWARD LAWSON, in his Individual Capacity;
C.O. JOY TAYLOR (PERRY), in her Individual Capacity;
SERGEANT STEPHEN LADD, in his Individual Capacity;
LIEUTENANT RONALD GILES, in his Individual Capacity;
CO KATHLEEN RHOADES, in her Individual Capacity;
LIEUTENANT ROD GLISSMAN, in his Individual Capacity;
SERGEANT JIM MORGAN, in his Individual Capacity;
LIEUTENANT LANCE TIDEMANN, in his Individual Capacity; and
C.O. ROBERT FERGUSON, in his Individual Capacity,

    Defendants.

---

**ORDER REGARDING PLAINTIFF'S SECOND MOTION TO AMEND THE COMPLAINT (DOCKET NO. 42)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

    This matter is before the court on Plaintiff's Second Motion to Amend the

Complaint (docket no. 42). The court has reviewed the subject motion (docket no. 42)

and the response (docket no. 46). In addition, the court has taken judicial notice of the

court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings after the time for amending as a matter of right has passed "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny a motion for leave to amend where, among other reasons, "amendment would be futile." Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999). "A proposed amendment is futile if the complain, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." Watson v. Beckel, 242 F.3d 1237, 1239-40 (10th Cir. 2001). A court faced with a challenge to a motion to amend based on the futility

3

defense therefore will consider the sufficiency of the claims that the moving party seeks to add in the party's proposed amended pleading.  Moody's, 175 F. 3d at 859;

5. That on November 1, 2010, Plaintiff sought leave of court to amend his Complaint to add the correct rank and full names of the Defendants based on information provided by the Defendants.  See docket nos. 11, 13, and 14.  Defendants informed Plaintiff that the person he originally named as "Hodges" was "Troy Hodges" and agreed to accept service for Troy Hodges after Plaintiff amended his Complaint.  Plaintiff amended his Complaint according to this information provided by Defendants, which was erroneous.  On April 13, 2011, Plaintiff's counsel realized that the named Defendant "Hodges" was incorrect and this Defendant's name was really "Hedges."  See Exhibit 4 attached to the subject motion (docket no. 42).  Plaintiff's counsel then notified Defendants' counsel of this spelling error and requested that the Complaint be amended to correct this spelling error, which Defendants' counsel opposed.  See Exhibit 5 attached to the subject motion (docket no. 42);

6. That the Statute of Limitations in the present case has expired.  In this situation, Fed. R. Civ. P. 15(c) governs:

> (1) When an Amendment Relates Back.  An amendment to a pleading relates back to the date of the original pleading

4

when:

 (A) the law that provides the applicable statute of limitations allows relation back;

 (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out- in the original pleading; or

 (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be bought in by amendment:

  (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

  (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity;

7. That Plaintiff has met the requirements of Fed. R. Civ. P. 15(c). Plaintiff filed his original Complaint (docket no. 1) on September 30, 2010.  Defendants in this case are all Colorado Department of Corrections employees represented by the same legal counsel.  It was Defendants' counsel who provided to Plaintiff's counsel the

5

name for Defendant as "Hodges." Defendants' counsel accepted timely service of process on behalf of Defendant "Hodges." I further find that Defendant "Hedges" knew or should have known that but for a mistake in the spelling of his name, the claim asserted against "Hodges" is the same claim and arose out of the same transaction and occurrence alleged in the original Complaint (docket no. 1) pertaining to him. I further find that Defendant Hedges will not suffer from undue surprise, prejudice, or stale evidence since there has been only one deposition taken thus far. Moreover, Defendant Hedges will be represented by the same defense counsel who have been collecting evidence and investigating this case from the outset. Accordingly, for the above reasons and pursuant to Fed. R. Civ. P. 15(c) and Krupski v. Costa Crociere, S.p.A., 130 S. Ct. 2485, 2493-94 (2010), the Plaintiff's Second Motion to Amend the Complaint (docket no. 42) should be granted.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

    1.    That Plaintiff's Second Motion to Amend the Complaint (docket no. 42) is **GRANTED**. The Plaintiff's Second Amended Complaint and Jury Demand (docket no. 42-1) is accepted for filing as of the date

6

of this Order; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 15th day of July, 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE