**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02391-WYD-MJW

TRAVIS SANSOM,

      Plaintiff,

vs.

KEVIN MILYARD, in his Individual Capacity as Warden,
BEVERLY DOWIS, R.N., in her Individual Capacity as HSA,
DEBRA HEDSTROM, R.N., in her Individual Capacity,
JENNIFER AGUIRRE, R.N., in her Individual Capacity,
GATBEL CHAMJOCK, P.A., in his Individual Capacity,
JOHNNY CRUSSEL, in his Individual Capacity as Case Manager,
C.O. BRADLEY BLAKE, in his Individual Capacity,
SERGEANT VIRGIL NICHOLS, in her Individual Capacity,
LIEUTENANT EDWARD LAWSON, in his Individual Capacity,
C.O. JOY TAYLOR (PERRY), in her Individual Capacity,
SERGEANT STEPHEN LADD, in his Individual Capacity,
LIEUTENANT RONALD GILES, in his Individual Capacity,

      Defendants.

---

**PLAINTIFF'S AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT**
**ON AFFIRMATIVE DEFENSES 2, 5, 6, 7, 8, 9, 11, 12, AND 18**

---

      Plaintiff, Travis Sansom, by and through his attorney, Cheryl L. Trine of Cheryl

Trine Law Firm LLC, moves for partial summary judgment on Defendants' affirmative

defenses numbered 2, 5, 6, 7, 8, 9, 11, 12, and 18, pursuant to Fed. R. Civ. P. 56.

### BACKGROUND FACTS

      This is a civil suit for personal injuries sustained by Plaintiff, Travis Sansom while

a prisoner at Sterling Correctional Facility (SCF) when he was denied access to medical

treatment for a life-threatening illness. Mr. Sansom experienced excruciating pain in his left shoulder that intensified over time along with other symptoms as he became increasingly ill. He submitted written requests for medical care that were ignored. Finally, a corrections officer got him an emergency appointment for December 9 with a nurse who noted a blood pressure of 86/50 in a normally hypertensive man, an oxygen saturation rate of 89%, a pulse of 111, respiratory rate of 20, and severe pain of 8-9 out of 10 that was described as sharp and stabbing in his left shoulder that radiated up into his neck and down his arm. She sent him back to the unit. The prison guards and one nurse watched his condition deteriorate without providing him access to medical treatment until he had to be carried from his cell on December 11, hours from death. He was sent by ambulance to the local hospital and then to Denver Health Medical Center with an oxygen saturation rate of 54%, severe renal failure, infiltrates involving the lower two- thirds of each lung, heart failure, and bacteremia (sepsis). Mr. Sansom still experiences pain and limited range of motion in his shoulder, and cognitive problems.

## MOVANT'S STATEMENT OF MATERIAL FACTS

1.      Defendants' affirmative defenses 5, 7, 11, and 12, were dismissed by order of the Court on February 2, 2011. (Doc. 23, attached herein as **Exhibit 1**).

2.      Defendants asserted the affirmative defense of contributory and/or comparative negligence. "Defendants allege that the sole proximate cause of the injuries and/or damages alleged were due to the negligence and/or fault of the Plaintiff *or that his negligence and/or fault contributed to the same. On a comparative basis, the negligence and/or fault of Plaintiff far outweighs that of*

***Defendants***, whose negligence and/or fault is specifically denied." (emphasis supplied) (See Defendants' Answer to Second Amended Complaint at page 11, No. 2, attached herein as **Exhibit 2**).

3.    Defendants asserted that Plaintiff failed to mitigate his damages, if any "as required by law." (See **Exhibit 2** at pg. 11, No. 6).

4.    Defendants asserted that Plaintiff's claims for non-economic damages are subject to reduction based on compensation from a collateral source pursuant to C.R.S. § 13-21-111.6. (See **Exhibit 2** at pg. 11, No. 8).

5.    Defendants asserted that Plaintiff's claims for punitive or exemplary damages are barred or subject to the limitations of C.R.S. § 13-21-102. (See **Exhibit 2** at pg. 12, No. 9).

6.    Defendants asserted Plaintiff failed to exhaust administrative remedies. (See **Exhibit 2** at pg. 13, No. 18).

7.    Plaintiff filed all three steps of Grievances and received a letter confirming that he exhausted his administrative remedies. (See **Exhibit 3**, attached herein.)

## LEGAL STANDARD

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Gaylor v. Does*, 105 F.3d 572, 574 (10th Cir. 1997). In applying this standard, the court examines the factual record and reasonable inferences in the light most favorable to the non-moving party. *Id*.

## ARGUMENT

### I.   AFFIRMATIVE DEFENSES ALREADY DISMISSED

Plaintiff respectfully requests that the Defendants be precluded from bringing up affirmative defenses 5, 7, 11, and 12, which were dismissed by order of the Court on February 2, 2011. (Doc. 23, attached herein as **Exhibit 1**). Plaintiff's negligence claims have also been dismissed.

### II.   COMPARATIVE AND CONTRIBUTORY NEGLIGENCE NOT AVAILABLE UNDER A SECTION 1983 CLAIM

Defendants asserted the affirmative defense of contributory and/or comparative negligence as follows: "Defendants allege that the sole proximate cause of the injuries and/or damages alleged were due to the negligence and/or fault of the Plaintiff *or that his negligence and/or fault contributed to the same. On a comparative basis, the negligence and/or fault of Plaintiff far outweighs that of Defendants*, whose negligence and/or fault is specifically denied." (emphasis supplied) (See **Exhibit 2** at pg. 11, No. 2, attached herein).

Plaintiff has agreed to the dismissal of his negligence claims, and thus the affirmative defense of comparative or contributory negligence is irrelevant. There is no affirmative defense of comparative or contributory negligence available under 42. U.S.C. § 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, \*\*\*

42 U.S.C. § 1983.

There can be no contributory or comparative negligence or fault under the plain meaning of the language.  The statute states that every person who <u>"causes"</u> the <u>"deprivation</u> of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured..." 42 U.S.C. § 1983.  Thus, only those who cause the deprivation of rights are liable under the plain meaning of the words.  This language leaves no room for contributory or comparative negligence. Had Congress intended the contributory fault of the party injured to offset a defendant's liability, it would have so stated.

Furthermore, courts may borrow from state law only where it aids in the enforcement of federal civil rights statutes. ***Berry v. City of Muskogee, Oklahoma***, 900 F.2d 1489, 1502 (10th Cir. 1990).  Neither 42 U.S.C. § 1983 nor § 1988 requires a reduction in damages based on contributory or comparative negligence, and allowing for such a reduction will not aid in the enforcement of § 1983.  In contrast, § 1983 provides for joint and several liability where injuries or damages cannot be apportioned, in contrast to a comparative negligence scheme. ***Northington v. Marin***, 102 F.3d 1564, 1569 (10th Cir. 1996).

The Tenth Circuit has held that federal courts are authorized by 42 U.S.C. § 1988 to undertake a three-step process to determine whether to borrow law from another source to aid their enforcement of federal civil rights statutes. ***Berry v. City of Muskogee, Oklahoma***, 900 F.2d at 1502.  First, courts are to look to federal law "so far as such laws are suitable to carry [the statute] into effect." ***Id***. Second, if federal law is "not adapted to

the object" or is deficient in the provisions necessary to furnish suitable remedies and punish offenses," courts must consider borrowing the law of the forum state. *Id*. Third, the federal court must reject the application of state law if it is "inconsistent with the Constitution and laws of the United States." *Id*. The *Berry* Court found that the Oklahoma survival statute was clearly deficient in both its remedy and its deterrent effect because it provided extraordinarily limited recovery. *Berry v. City of Muskogee, Oklahoma*, 900 F.2d at 1504.

In the Present Case, there is no need to utilize contributory or comparative negligence because 42 U.S.C. § 1983 is not deficient in the provisions necessary to furnish suitable remedies and punish offenses in the Present Case. Furthermore, comparative and contributory negligence provisions are inconsistent with the remedy and deterrent purposes of Section 1983. *Id*.

Similarly, provisions of a state notice-of-claim statute similar to the Colorado Governmental Immunity Act was held to be preempted by § 1983 by the U.S. Supreme Court. *Felder v. Casey*, 487 U.S. 131, 138 (1988). The *Felder* Court explained that the central purpose of the Reconstruction-Era laws is to provide compensatory relief to those deprived of their federal rights by state actors. *Id*. at 141. A state statute that minimizes governmental liability is manifestly inconsistent with the purposes of the federal statute. *Id*. A state law that immunizes government conduct otherwise subject to suit under § 1983 is preempted because the application of the state immunity law would thwart the congressional remedy. *Id*. at 139. See also *Martinez v. California*, 444 U.S. 277, 284 (1980). "In enacting § 1983, Congress entitled those deprived of their civil rights to

recover full compensation from the governmental officials responsible for those deprivations." *Id*. at 153.  Reductions for comparative or contributory negligence will not allow those deprived of their civil rights to recover full compensation.

### III.   FAILURE TO MITIGATE DAMAGES IS NOT AVAILABLE UNDER A SECTION 1983 CLAIM

Defendants allege that Plaintiff has failed to mitigate his damages, if any "as required by law." (See **Exhibit 2** at pg. 11, No. 6).  For the reasons stated under Section II, *Supra*, there is no requirement that an injured person mitigate his or her damages under Sections 1983 or 1988, and state law is preempted where, as here, it will not aid in the enforcement of federal civil rights statutes and instead will deny the person deprived of full compensation.

### IV.   REDUCTION OF DAMAGES FOR COLLATERAL SOURCES IS NOT AVAILABLE UNDER A SECTION 1983 CLAIM

Defendants allege that Plaintiff's claims for non-economic damages are subject to reduction based on compensation from a collateral source pursuant to C.R.S. § 13-21-111.6. (See **Exhibit 2** at pg. 11, No. 8).  For the reasons stated under Section II, *Supra*, there is no requirement that collateral sources be compensated in Sections 1983 or 1988, and state law is preempted where, as here, it will not aid in the enforcement of federal civil rights statutes.

Furthermore, courts that have ruled on the collateral source issue have ruled that state law is preempted.  *Pirolozzi v. Stanbro*, 2009 WL 2256950 (N.D.Ohio) (Holding common law collateral source rule to govern, and under this rule, receipt of collateral benefits is deemed irrelevant and immaterial on the issue of damages).   See also *Dobson*

*v. Camden*, 705 F.2d 759, 766 (5th Cir. 1983) (Holding that "one satisfaction rule" under state law would contravene the deterrence policy of section 1983, and is thus impermissible).

**V. 42 U.S.C. § 1983 PREEMPTS APPLICATION OF C.R.S. § 13-21-102 FOR PUNITIVE OR EXAMPLARY DAMAGES**

Defendants allege that Plaintiff's claims for punitive or exemplary damages are barred or subject to the limitations of C.R.S. § 13-21-102. (See **Exhibit 2** at pg. 12, No. 9). C.R.S. § 13-21-103 requires a showing of fraud, malice, or willful and wanton conduct, and it limits the amount of punitive damages to the amount of actual damages awarded. C.R.S. § 13-21-102. In contrast, punitive damages are recoverable in Section 1983 cases, without regard to state law limitations or caps on damages. *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 808 (10th Cir. 1999); and *Searles v. Van Bebber*, 251 F.3d 869, 880 (10th Cir. 2001). There is no limit under § 1983 for the amount of punitive damages that may be obtained, and punitive damages are available even when only nominal damages of $1.00 are awarded. *Id*. The purpose of punitive damages is deterrence, and under § 1983 and § 1988, punitive damages should be in an amount sufficient to deter future violations. *Id*. In addition, the standard for deliberate indifference is reckless disregard, the same as the standard for the underlying violation. There is no requirement to prove malicious intent. *Id*. As discussed under Section II, *Supra*, Sections 1983 and 1988 preempt state law where, as here, state law will not aid in the enforcement of federal civil rights statutes and state law would impermissibly contravene the deterrence policy of section 1983.

## VI.     PLAINTIFF EXHAUSTED HIS ADMINISTRATIVE REMEDIES

Defendants alleged Plaintiff failed to exhaust his administrative remedies. (See

**Exhibit 3** at pg. 13, No. 18).  Plaintiff filed grievances, and received notification from the

Step III Grievance Officer that he exhausted his administrative remedies.  (See Exhibit 3,

attached herein).  Therefore, this affirmative defense should be stricken.

### CONCLUSION

For all the aforementioned reasons, Plaintiff requests that Defendant's affirmative

defenses numbered 2 (as to comparative or contributory negligence), 5, 6, 7, 8, 9, 11, 12,

and 18, be dismissed, and for such further relief as the Court finds just and equitable.

DATED the 15th day of December, 2011.

Respectfully submitted,


/s/ Cheryl Trine
Cheryl L. Trine, #38150
Cheryl Trine Law Firm, LLC
2919 Valmont Road, Suite 204
Boulder, CO  80301-1350

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 15th of December, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Gordon Vaughan
Ann B. Smith
VAUGHAN & DeMURO
111 South Tejon, Suite 410
Colorado Springs, CO 80903
(719) 578-5500 (phone)
(719) 578-5504 (fax)
vnd@vaughandemuro.com (e-mail)

*ATTORNEYS FOR DEFENDANTS*

/s/ Jenny Lindberg
Jenny Lindberg