IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-02391-WYD-MJW

TRAVIS SANSOM,

     Plaintiff,

v.

DEBRA HEDSTROM, R.N., in her Individual Capacity;
JENNIFER AGUIRRE, R.N., in her Individual Capacity;
GATBEL CHAMJOCK, P.A., in his Individual Capacity;
JOHNNY CRUSSEL, in his Individual Capacity as Case Manager;
C.O. BRADLEY BLAKE, in his Individual Capacity;
SERGEANT VIRGIL NICHOLS, in [his] Individual Capacity;
LIEUTENANT EDWARD LAWSON, in his Individual Capacity;
C.O. JOY TAYLOR (PERRY), in her Individual Capacity;
SERGEANT STEPHEN LADD, in his Individual Capacity;
LIEUTENANT RONALD GILES, in his Individual Capacity;

     Defendants.

---

## ORDER

---

THIS MATTER comes before the Court upon a review of the following recent filings in advance of the jury trial set to commence Monday, December 3, 2012: (1) Joint Submission and Advisement of Pretrial Items (ECF No. 146); (2) Defendants' Motion to Reconsider Minute Order (Doc. 124) Permitting Used of Depositions of Prisoners Located Over 100 Miles From Place of Trial in Lieu of Live Testimony at Trial (ECF No. 141); and (3) Plaintiff's Motion to Allow Testimony of Prisoner Christopher Chase by Deposition (ECF No. 139).  After carefully reviewing these filings and for reasons stated on the record at the November 6, 2012 Final Trial Preparation Conference, the motions and granted in part and denied in part.

<u>Joint Submission and Advisement of Pretrial Items</u>

At the November 6, 2012 Final Trial Preparation Conference, in accordance with my routine practice in all cases, I ordered the parties to submit a stipulated statement of the case to be read to the prospective jurors during jury selection on December 3, 2012. Apparently, pursuant to the Joint Submission and Advisement of Pretrial Items, the parties either ignored my order or chose not to comply because no stipulated statement of the case was submitted.[1]  Instead, the parties submitted competing statements.  After reviewing the parties' competing statements, I order that Defendants' proposed statement of the case will be read to the prospective jurors because I find that it sets forth a neutral, non-argumentative and balanced statement of both the claims and defenses in this case.  Plaintiff's proposed statement is rejected because it is both biased and argumentative.

All remaining issues raised in the Joint Submission and Advisement of Pretrial Items will be deferred until trial.

<u>Defendants' Motion to Reconsider Minute Order (Doc. 124) Permitting Use of Depositions of Prisoners Located Over 100 Miles From Place of Trial in Lieu of Live Testimony at Trial</u>

By way of background, at the Final Trial Preparation Conference held on November 6, 2012, I heard lengthy argument on this issue and despite the Defendants' vigorous objections, I ultimately issued a detailed ruling that pursuant to Fed. R. Civ. P. 32(a)(4)(B), Plaintiff may read the depositions of witnesses Mathew LaBonte, Anthony Shapiro, and William Erben at trial.  As the record reflects, both LaBonte and Shapiro

---

[1] The parties are put on notice that this type of noncompliance with basic, routine orders will not be tolerated during the course of the jury trial or appropriate sanctions will be imposed.

are inmates housed at the Sterling, Colorado Correctional Facility which is in excess of 100 miles from Denver, Colorado—the location of the trial.  Erben is also an inmate currently housed at an unknown location over 100 miles from the place of the trial.  For reasons stated on the record, I also ruled that should witness Christopher Chase, who was housed at the Denver County Jail at the time of the Final Trial Preparation Conference, be transported to a facility located more than 100 miles from the place of trial when the trial commences, Plaintiff is permitted to read his deposition at trial.

Importantly, I limited my ruling to Plaintiff's case-in-chief.  I did not preclude Defendants from presenting these inmate witnesses in person during the presentation of their case.  I also granted the Defendants leave to file supplemental authority contrary to my ruling.

Turning to Defendants' motion to reconsider, I address the applicable standard of review.  Such a motion is not recognized by either the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure.  Other District Courts from this Circuit have relied on the standards for evaluating a motion to reconsider in the civil context.  *See, e.g., United States v. D'Armond*, 80 F. Supp. 2d 1157, 1170 (D. Kan. 1999).  In civil cases, courts have "permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981).  "The decision whether to grant or deny a motion to reconsider is committed to the court's sound discretion."  *D'Armond*, 80 F. Supp. 2d at 1171 (citing *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988)).

In the motion to reconsider, the Defendants argue that the "great weight of authority does not support Plaintiff's use of depositions where Defendants have agreed to make witnesses otherwise more than 100 miles from the Court available for the Plaintiff's case in chief at trial." (Mot. at 6).  I disagree and find that Defendants have not advanced any change in the law or newly discovered evidence.  Instead, Defendants present non-controlling case authority from other jurisdictions that are distinguishable to the case at hand.  Thus, I find that Defendants have not shown any clear error in my ruling.  Finally, they have not shown that I misapprehended the facts, the parties' positions or controlling law.  Accordingly, the only ground that the Defendants could possibly rely on in support of the motion is the need to prevent manifest injustice.  I find that the Defendants have not established this need, especially in light of my ruling that they may present these inmate witnesses in person at trial during their case-in-chief.  Defendants have not provided any persuasive reason for me to reconsider any portion of my rulings stated on the record at the November 6, 2012 Final Trial Preparation Conference.

<u>Plaintiff's Motion to Allow Testimony of Prisoner Christopher Chase by Deposition</u>

On November 18, 2012, Plaintiff filed this motion requesting that I allow him to read the deposition transcript of inmate Christopher Chase as he has been transferred to Colorado Territorial Correctional Facility, which is more than 100 miles from the place of trial.  Consistent with my rulings made at the November 6, 2012 Final Trial Preparation Conference, this motion is granted pursuant to Fed. R. Civ. P. 32(a)(4)(B).  Since Chase is housed in a facility that is located more than 100 miles from the place of trial, Plaintiff is permitted to read Chase's deposition at trial.

Accordingly, it is

ORDERED that I will read Defendants' proposed statement of the case to the

prospective jurors during jury selection on December 3, 2012.  It is

FURTHER ORDERED that Defendants' Motion to Reconsider Minute Order

(Doc. 124) Permitting Used of Depositions of Prisoners Located Over 100 Miles From

Place of Trial in Lieu of Live Testimony at Trial (ECF No. 141) is **DENIED**.  It is

FURTHER ORDERED that Plaintiff's Motion to Allow Testimony of Prisoner

Christopher Chase by Deposition (ECF No. 139) is **GRANTED.**

Dated:  November 28, 2012

BY THE COURT:


s/ Wiley Y. Daniel_____
Wiley Y. Daniel
Chief United States District Judge